SUNOCO SERVICE CORPORATION, RELATOR, v. FREDER-
ICK W. DONNELLY, GEORGE B. LABARRE, ABRAM
SWAN, JR., EDWARD W. LEE AND GEORGE W. PAGE,
BOARD OF COMMISSIONERS OF THE CITY OF TREN-
TON, AND EDWARD B. HANCOCK, BUILDING INSPEC-
TOR, RESPONDENTS.

Argued May term, 1924—Decided July 9, 1924.

Building Permits—Application to Board of Commissioners—Claim
of Respondents That It Should be to the Director of Public
Safety—Application in Proper Form—Writ Allowed.

On rule to show cause why a peremptory *mandamus* should
not issue.

Before Justices KALISCH, BLACK and CAMPBELL.

For the relator, *Hervey S. Moore.*

For the respondents, *Romulus P. Rimo.*

PER CURIAM.

The relator seeks a writ of *mandamus* requiring the respon-
dents to issue to it a permit for the erection of a motor
vehicle, gasoline and oil station on its property at the south-
west corner of Greenwood avenue and Chambers street in the
city of Trenton.

It is not denied that the relator submitted proper plans and
specifications and complied with all the requirements upon
which to base his application for a permit, but the conten-
tion on behalf of the respondents is that the duty of issuing
such a permit is reposed in the director of public safety or
in the mayor and not in the board of commissioners, to whom
the application in the present case was addressed.

It is conceded in the brief of counsel of respondents that
the commissioners have, from time to time, issued such per-
mits, but it is said that it was done improvidently. It is also

conceded that the director of public safety and the mayor participated in the meetings of the board, in which the relator's application for a permit was considered and denied. It appears that it has been the invariable practice of the board to grant the permits. Since the 1st day of January, 1924, more than thirty permits of the character applied for by the relator have been granted by the board. The relator having complied with all the requirements pertaining to a proper application for a permit, and no sound legal reason having been furnished by the respondents why such permit should be denied to the relator, we have concluded that a peremptory *mandamus* should issue against the respondents for the issuance of a permit to the relator for the erection of a motor vehicle, gasoline and oil station on its property, according to the plans and specifications submitted.